**EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff–Appellant,**

**Amy M. BEICHLER, Plaintiff–
Intervenor–Appellant,**

v.

**LABORERS' INTERNATIONAL UN-
ION OF NORTH AMERICA, Local
No. 310, Defendant–Appellee.**

No. 00–4566, 01–3055.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2002.

Before NORRIS and BATCHELDER, Circuit Judges; FORESTER *, District Judge.

---

* The Honorable Karl S. Forester, United States District Court Chief Judge for the Eastern District of Kentucky, sitting by designation.

BATCHELDER, Circuit Judge.

The Equal Employment Opportunity Commission ("EEOC") and Amy Beichler appeal the district court's order granting summary judgment in favor of Laborers' International Union of North America, Local No. 310 ("LIUNA") on claims of sexual harassment and retaliation brought by the EEOC and Beichler pursuant to Title VII, 42 U.S.C. § 2000e *et seq,* and 42 U.S.C. § 1981. We have carefully reviewed the Report and Recommendation of the magistrate judge, the Memorandum of Opinion and Order of the district court essentially adopting that Report and Recommendation, the record and the briefs, and oral arguments of the parties. We conclude that the Report and Recommendation of the magistrate judge thoroughly and accurately sets out both the undisputed facts and the governing law in this case, as does the Memorandum of Opinion of the district court adopting that Report and Recommendation. Because the issuance of a full written opinion would serve no jurisprudential purpose and would be duplicative, we will affirm the judgment on the reasoning of the Report and Recommendation of the magistrate judge.

We note that the magistrate judge and the district court differed with regard to one aspect of this case, which Beichler characterizes on appeal as the requirement that the court "view Amy Beichler's post-layoff retaliation as further evidence of a sexually hostile environment under Ohio and federal law, as is required by *Williams v. Gen. Motors,* 187 F.3d 553 (6th Cir.1999)." The magistrate judge concluded that neither the layoff itself nor the alleged retaliatory conduct in her subsequent position was evidence of further sexual harassment, and the district court

concluded that that issue was moot because LIUNA's motion for summary judgment had expressly assumed, for purposes of that motion, that Beichler had been subjected to a hostile environment. We conclude that the district court was correct, and we therefore decline to address the implications of *Williams* or the potential impact on this issue of the Supreme Court's recent decision in *Nat'l R.R. Passenger Corp. v. Morgan,* —— U.S. ——, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

Accordingly, we AFFIRM the judgment of the district court.